■ HENRY KITCHING, Respondent-Appellant, v. CENTURY INSURANCE COMPANY, LTD., Appellant-Respondent.— In an action upon a policy of fire insurance, the parties appeal as follows: Defendant appeals: (a) from a judgment of the Supreme Court, Nassau County, entered June 14, 1963 after trial upon a jury's verdict in the plaintiff's favor; and (b) from an order of said court, dated June 10, 1963, directing that interest, computed from the date of service of the summons upon defendant, be added to the verdict. Plaintiff cross-appeals from so much of said order: (a) as directed that the interest to be added to the verdict shall be computed from October 10, 1961, the date of commencement of the action; and (b) as failed to direct that such interest shall be computed from December 18, 1960. Judgment reversed on the law, without costs to either party, and a new trial granted. Order reversed, without costs and without prejudice to a determination de novo as to the questions relating to interest. Since there is to be a new trial, any determina-

tion now as to those questions would be premature. The premises were destroyed by fire on October 18, 1960. Plaintiff's mother gave prompt notice of her loss under a policy issued by defendant on household furniture and personal property situated in the premises (hereafter called the "contents" policy). Notice of plaintiff's claim was similarly given to another insurer which had issued a policy on the building in the face amount of $6,000. Both claims were investigated; both were promptly settled; and payments were made. Plaintiff's agent had possession of an indorsement substituting plaintiff as the insured for his predecessor in title under another policy on the premises, also issued by defendant, in the face amount of $10,000, to expire on February 21, 1961. The policy itself was in the hands of the mortgagee; and the said indorsement stated neither the amount of insurance nor the expiration date of the policy. Defendant was not notified of any claim under that policy until February 2, 1961. In the meantime, the premises had been razed by order of the municipal authorities. Plaintiff claimed that he and his associates did not become aware of the coverage of the policy in suit until steps were taken to use the proceeds of the other policies to satisfy the mortgage. At that time the mortgagee mentioned the policy in suit, and immediately thereafter notice was given to the defendant. Its agent testified that it did not learn of the loss under the said policy at the time he was notified with respect to the "contents" policy. There is testimony that he could have discovered the loss by referring to a file, a procedure which he claims was not followed. Defendant, in purported ignorance of the loss, issued a "renewal" policy to take effect after the expiration of the policy in suit on February 21, 1961. In our opinion, under all the circumstances, it was error to authorize the jury to find that the requirement of the policy as to "immediate" written notice was satisfied by the negotiations with respect to the settlement of the "contents" policy. The notice of loss given on behalf of plaintiff's mother was not notice of loss given by plaintiff (Insurance Law, § 172, subd. 2). However, such proof tends to negate prejudice to defendant. Hence, the proof may be considered on the issue of whether the notice furnished on or about February 2, 1961 was sufficient compliance with the terms of the policy (*Solomon* v. *Continental Fire Ins. Co.,* 160 N. Y. 595; cf. *Biancoviso* v. *City of New York,* 285 App. Div. 320). As there is to be a new trial, it may be noted: (1) that it was technical error to submit the question of the full extent of loss to the jury and then to instruct the jury to disregard the amount of compensation by other insurance; and (2) that upon any future submission of the case to the jury, consideration might well be given to utilizing the procedure of a special verdict or written interrogatories as prescribed by statute (CPLR 4111). Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.