COMMERCIAL CONTRACTORS CORPORATION ET AL. *v.* THE
AMERICAN INSURANCE COMPANY

COMMERCIAL CONTRACTORS CORPORATION ET AL. *v.* THE
AMERICAN UNIVERSAL INSURANCE COMPANY

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

32

Argued June 4—decided July 7, 1964

*James R. Greenfield,* for the appellant (plaintiff Petrizzo in each case); with him were *Albert R. Moquet* and, on the brief, *Francis J. Moran,* for the appellant (plaintiff Northeast Coastal, Inc., in each case).

*Morris W. Mendlesohn,* with whom, on the brief, was *Charles Henchel,* for the appellant (named plaintiff in each case).

*William P. Aspell,* for the appellee (defendant in the first case).

*Robert L. Trowbridge,* with whom were *James T. Healey* and, on the brief, *David M. Shea,* for the appellee (defendant in the second case).

I

KING, C. J.  Each of these two cases, although separate from the other, grows out of an injury sustained by Thomas J. Petrizzo and will be considered in a single opinion. Petrizzo was employed by Northeast Coastal, Inc., a trucking company, hereinafter referred to as Northeast, as a driver of a tractor-trailer owned by it. Northeast had a contract with Commercial Contractors Corporation, hereinafter referred to as Commercial, to haul scrap steel from Bridgeport to a yard in Wilmington, Delaware, owned by a third company.  On October 3, 1956, Petrizzo delivered an empty tractor-trailer owned by Northeast to a location in Bridgeport where Commercial was demolishing buildings.  Commercial loaded scrap steel on the trailer, and Petrizzo drove it to the Delaware yard, arriving there the next day. As he was removing stakes from the side of the trailer, the load of steel shifted, and he was struck and injured by falling steel.

Petrizzo, in another action instituted in Connecticut on August 30, 1957, sued Commercial for damages, claiming that Commercial's employees were negligent in loading the trailer in Bridgeport.  Over four years later, on March 16, 1962, a jury found the issues for Petrizzo and awarded him damages. From the judgment entered therein an appeal is still pending.

## II

For convenience, we shall first consider the action against the American Insurance Company, hereinafter referred to as American, instituted by Commercial, in August, 1962, and in which Petrizzo and Northeast intervened as parties plaintiff. A declaratory judgment was sought declaring, inter alia, that American was responsible, under and within the limits of a liability insurance policy issued by it to Northeast, for payment of the judgment recovered by Petrizzo against Commercial, together with the cost of the defense of that action and of the appeal being prosecuted by Commercial from the judgment which Petrizzo had recovered. Coverage was claimed on behalf of Commercial as an additional, unnamed insured under the policy which American had issued to Northeast as a named insured. American, in its first special defense, claimed that the notice requirements of the insurance policy had not been fulfilled and that consequently it was not liable under the policy. The court sustained the special defense, and the plaintiffs have appealed.

The policy in question had been issued by American to Northeast and was admittedly in effect at the time of the accident. Under the terms of the policy, Commercial was an additional, although unnamed, insured while using the tractor-trailer with Northeast's permission. The loading of the trailer by Commercial was a permissive use within the meaning of the policy. By the terms of the policy, American had agreed to pay on behalf of an insured all sums which the latter became legally obligated to pay as damages because of bodily injury caused by accident and arising out of the use of

the tractor-trailer. Condition 1 of the policy required that written notice of an accident be given to American or any of its authorized agents "as soon as practicable". The notice was required to be adequate to identify the insured, and to give particulars as to the time, place and circumstances of the accident and the names and addresses of the injured and of available witnesses. Condition 2 required that if a claim was made or suit brought against the insured, it was immediately to forward to American every demand, notice, summons or other process received by the insured or its representative. Condition 7 made compliance with conditions 1 and 2 a condition precedent to recovery on the policy.

On November 16, 1961, over five years after the date of the accident and over four years after the institution of Petrizzo's suit against Commercial, although about four months prior to the trial of that case, the attorney for Commercial wrote to American, stating that American carried liability insurance on Northeast's truck and that he understood that the policy covered the Petrizzo accident. He further advised American of the pendency of the Petrizzo action. The last sentence of the letter read: "I would appreciate your advising me if you made an investigation of this accident and have any information in your files which may be of assistance to me in the defense of this suit." American had previously been given prompt notice of Petrizzo's compensation claim against Northeast, which was covered by a workmen's compensation insurance policy also issued by American to Northeast; had made an investigation of Petrizzo's accident; had ascertained that it was compensable; and had made compensation payments to Petrizzo on behalf of his employer, Northeast. Shortly after receipt of the letter from

Commercial's attorney, American replied by letter stating that "[i]nasmuch as our Company paid Workmen's Compensation to the injured [Petrizzo] and since we have a lien on the proceeds of any recovery I am afraid we could afford you no help in the defense of this suit." On July 23, 1962, about four months after the judgment in Petrizzo's suit, Commercial's attorney again wrote American that he had "reason to believe that your company carried liability insurance on the tractor which was involved in this case [Petrizzo's suit against Commercial] and that your policy afforded coverage." Thereafter, Commercial and American had no further communications until the commencement of the present declaratory judgment action in August, 1962.

Papers served on Commercial, or copies thereof, in Petrizzo's action against Commercial, were never transmitted to any of the departments, offices or agents of American. Commercial made no diligent effort prior to July 23, 1962, the date of the second letter which Commercial's attorney sent to American, to determine whether there was coverage under Northeast's liability policy for Commercial as an additional, unnamed insured.

In December, 1961, American, in the name of Northeast, as its compensation insurer, had intervened in Petrizzo's action against Commercial to recoup compensation payments American had made to Petrizzo. No notice of any claim against American under its liability policy had been given American by or on behalf of Commercial or any other insured, named or unnamed, in that policy, at least prior to the letter of November 16, 1961, a letter which the plaintiffs claim was a sufficient written notice.

The court concluded that Commercial had not complied with condition 1 of the policy requiring written notice "as soon as practicable", or with condition 2 requiring the immediate forwarding to the company of every demand, notice, summons or other process received.

Northeast is a New York corporation; its liability policy was issued in New York State, and the parties correctly conceded in the trial court that the laws of that state should govern the determination of Commercial's rights under the policy. *Clark* v. *Hartford Accident & Indemnity Co.*, 148 Conn. 15, 17, 166 A.2d 713; *Cain* v. *American Policyholders' Ins. Co.*, 120 Conn. 645, 648, 183 A. 403; see also *Nobile* v. *Travelers Indemnity Co.*, 4 N.Y.2d 536, 542, 152 N.E.2d 33.

Quite apart from any question of its adequacy in content, the letter sent by Commercial's attorney to American on November 16, 1961, was sent over five years after the date of the accident and, without excuse for the delay, would be ineffective to comply with the written notice provision of the policy. *Deso* v. *London & Lancashire Indemnity Co.*, 3 N.Y.2d 127, 130, 143 N.E.2d 889; *Bazar* v. *Great American Indemnity Co.*, 306 N.Y. 481, 484, 119 N.E.2d 346. The plaintiffs, as an excuse for the delay, claim that Commercial was an additional, unnamed insured without notice or knowledge of the existence of the liability policy prior to the letter of November 16. Commercial had the burden of going forward with proof of circumstances excusing the delay in giving notice. *Rushing* v. *Commercial Casualty Ins. Co.*, 251 N.Y. 302, 304, 167 N.E. 450. It was obligated to give notice as soon as it "was alerted to the contract coverage". *Greaves* v. *Public Service Mutual Ins. Co.*, 4 A.D.2d 609, 614, 168 N.Y.S.2d 107, aff'd,

5 N.Y.2d 120, 155 N.E.2d 390. It was further required to exercise due diligence in discovering whether such coverage existed. *Lauritano* v. *American Fidelity Fire Ins. Co.*, 3 A.D.2d 564, 568, 162 N.Y.S.2d 553, aff'd without opinion, 4 N.Y.2d 1028, 152 N.E.2d 546. There is nothing in the record to require a finding that Commercial exercised due diligence in discovering coverage. In short, there is nothing in the record to excuse the giving of a proper notice long before November 16, 1961, or to explain how the letter of that date, if it could be considered written notice, was given "as soon as practicable", that is, within a reasonable time under all the circumstances, as required by the terms of the policy. *Deso* v. *London & Lancashire Indemnity Co.*, supra, 129; note, 18 A.L.R.2d 443, 464.

Commercial's real claim seems to be that American cannot avail itself of the defense of lack of timely written notice because American was not prejudiced by Commercial's failure to give such notice. See *Kitching* v. *Century Ins. Co.*, 20 A.D.2d 791, 792, 248 N.Y.S.2d 107; 8 Appleman, Insurance Law and Practice § 4732 p. 17, § 4741 p. 69. Lack of prejudice is claimed in the fact that American received from Petrizzo or Northeast prompt notice of the accident under the workmen's compensation policy which American had issued to Northeast, and that American made an immediate workmen's compensation investigation and ascertained that the accident arose out of and in the course of Petrizzo's employment with Northeast. American did not have the burden of coming forward with evidence that it was prejudiced by the lateness of the notice. *Rushing* v. *Commercial Casualty Ins. Co.*, supra; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N.Y. 271, 276, 160 N.E. 367; *American Surety Co.* v. *Mariani*,

130 N.Y.S.2d 755, 757, aff'd without opinion, 286 A.D. 1083, 147 N.Y.S.2d 668. The case was submitted on the pleadings supplemented by a transcribed oral stipulation not appearing in the appendix or finding, and there is nothing in the stipulation or elsewhere to indicate the nature or extent of the investigation which American had made of Petrizzo's compensation claim against Northeast. Nor can it be held as a matter of law on the facts before us that the compensation investigation was substantially similar to an investigation which would have been made under a liability policy or was or should have been of a character such as to result in the discovery of Commercial as an additional, unnamed insured under Northeast's liability policy. *Kitching* v. *Century Ins. Co.,* supra; compare note, 18 A.L.R.2d 443, 494. The court, in effect, concluded that Commercial had not come forward with evidence indicating lack of prejudice from the tardy notice. This conclusion cannot be disturbed.

The claim that the workmen's compensation notice given to American constituted, in content, sufficient written notice of the accident under the liability policy is also without merit. There is nothing to indicate that the compensation notice contained the particulars required by condition 1 of the liability policy. See N.Y. Ins. Law § 167 (1) (c).

It remains to consider Commercial's claim that American was obligated to defend Petrizzo's action against Commercial. "[A] failure to satisfy the requirements of . . . [the clause requiring] timely written notice vitiates the contract as to . . . the insured." *Deso* v. *London & Lancashire Indemnity Co.,* 3 N.Y.2d 127, 129, 143 N.E.2d 889. Consequently, American had no obligation to defend on behalf of Commercial under the terms of its policy, and obvi-

ously it is not liable for the cost of the defense of that action and the prosecution of the appeal from the judgment rendered therein. *Doyle* v. *Allstate Ins. Co.,* 1 N.Y.2d 439, 444, 136 N.E.2d 484; *American Surety Co.* v. *Mariani,* supra.

The basic claim of the intervening plaintiffs is that as judgment creditors of Commercial they are subrogated to all rights of Commercial by virtue of Connecticut General Statutes § 38-175. General Statutes § 38-175 can be invoked if a judgment is not satisfied within thirty days after the date when it was rendered. If we assume the existence of such an unsatisfied judgment, under § 38-175 the intervening plaintiffs enjoy no greater rights than the insured and (in the absence of collusion between the insured and the insurer; 29A Am. Jur., Insurance, § 1496) the insurer is not deprived of any defense which it may have under the policy. Consequently, there being no evidence or claim of collusion, the intervening plaintiffs cannot recover from American because the insured, Commercial, could not recover owing to its breach of the policy provisions. *Rochon* v. *Preferred Accident Ins. Co.,* 114 Conn. 313, 315, 158 A. 815. Even under New York law the intervening plaintiffs have no rights against the insurer, since there is nothing to indicate that written notice to American as required by the liability policy had been given by or on behalf of Petrizzo or even Northeast, or that a failure to do so could or should be excused. *Bazar* v. *Great American Indemnity Co.,* 306 N.Y. 481, 489, 119 N.E.2d 346; *Lauritano* v. *American Fidelity Fire Ins. Co.,* 3 A.D.2d 564, 568, 162 N.Y.S.2d 553, aff'd without opinion, 4 N.Y.2d 1028, 152 N.E.2d 546.

There was no error in the judgment declaring that the plaintiffs had failed to bring themselves within

the conditions precedent to recovery from American under its liability policy issued to Northeast.

## III

The second case before us has the same plaintiffs, Commercial, Petrizzo and Northeast, as did the first but has as the sole defendant a different insurance company, the American Universal Insurance Company, hereinafter referred to as Universal. This second suit was originally instituted by Commercial on January 19, 1959, and the other two plaintiffs, Petrizzo and Northeast, intervened on October 15, 1962. This suit also seeks a declaratory judgment declaring that Universal is liable for any judgment Petrizzo might obtain in his action against Commercial.

Prior to Petrizzo's accident, Universal had issued to Commercial a "Manufacturers' and Contractors' Liability Policy," in which, subject to exclusions, it agreed, in coverage A, entitled "Bodily Injury Liability", "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident and arising out of the hazards hereinafter defined." One of the categories of hazards as defined in the policy, and the only one for which coverage for bodily injury liability could be claimed, is "Premises-Operations". The definition of hazards in that category is: "The ownership, maintenance or use of premises, and all operations." In schedule A, the hazards are more specifically defined: "This policy covers only wrecking operations and yard exposure in connection with undertakings performed in and about Bridgeport, Connecticut as part of the State of Connecticut Thruway Project." The first exclusion in the policy

states: "This policy does not apply: (a) under . . . the Definition of Hazards . . . to the ownership, maintenance, operation, use, loading or unloading of . . . (2) automobiles if the accident occurs away from such premises." The tractor-trailer driven by Petrizzo was an "automobile" as it is defined in the policy.

After the institution of the suit by Petrizzo against Commercial, the latter notified Universal of the action, but Universal disclaimed liability under the policy. In the instant case, the court sustained Universal's special defense that it was not liable because of the exclusion clause quoted above.

The plaintiffs claim that the entire series of events, beginning with the loading of the trailer on Commercial's premises in Bridgeport and continuing to the shifting and falling of the steel in Delaware, was an "accident" causing bodily injury within the terms of the policy. In support of this position, they claim that the term "accident", as used in the exclusion clause, embraced both cause and effect; see *Plecity* v. *George McLachlan Hat Co.*, 116 Conn. 216, 225, 164 A. 707; 1 C.J.S. 434, Accident; and thus that the accident, in this case, occurred partly on and partly off the Bridgeport premises, and did not happen (entirely) away from the premises, so as to fall within the terms of the exclusion clause and thereby be removed from the policy coverage.

The term "accident" is to be construed in its ordinary meaning of an "unexpected happening". *Higgins* v. *Connecticut Light & Power Co.*, 129 Conn. 606, 613, 30 A.2d 388; *Morris* v. *Platt,* 32 Conn. 75, 85. The "accident" was the event causing injury, not the cause of that event. An obvious purpose of the exclusion clause was to limit the territorial scope of

the bodily injury liability coverage in cases involving "automobiles". "We are not concerned with the *cause* of the accident, but with *where* it took place." *Jeffries* v. *General Casualty Co.,* 46 Wash. 2d 543, 547, 283 P.2d 128. The court correctly concluded that the accident occurred in Delaware, away from the premises in Bridgeport, and, therefore, fell within the terms of the exclusion clause quoted above. *Smedley Co.* v. *Employers Mutual Liability Ins. Co.,* 143 Conn. 510, 517, 123 A.2d 755.

The plaintiffs seek to avoid this result by the claim that, even if the accident occurred away from the premises, the exclusion clause applied only to the operation, loading, unloading or other use of "automobiles", and at the time of the injury Petrizzo was not so using the trailer. The court did not clearly hold that Petrizzo at the time of the accident was using the trailer. But whether he personally was or was not then using the trailer is immaterial. The insured was Commercial, not Petrizzo. The exclusion clause necessarily and obviously referred to a use made by the insured, that is, Commercial, because it was Commercial's legal liability with which the policy was concerned. That use must be one from which liability on the part of Commercial is claimed to have sprung. It is undisputed that Commercial used, i.e., loaded, the tractor-trailer. But even though that use was in Bridgeport, since Petrizzo claimed that he was injured by falling steel as a result of Commercial's negligence in that use, and that the injury occurred in Delaware, the exclusion clause applied.

A determination was also sought as to Universal's obligation under the terms of the policy to defend Petrizzo's action against Commercial. The judgment determined that Universal had no obligation to

44

defend Petrizzo's action. The finding indicates that the allegations of Petrizzo's complaint stated a ground of liability which the policy did not cover. *Smedley Co.* v. *Employers Mutual Liability Ins. Co.*, supra. The assignment of error concerning this holding was not pursued in the brief except insofar as it was erroneously claimed that the accident did not occur away from the Bridgeport premises. The court's judgment was not erroneous.

IV

There is no error in either case.
In this opinion the other judges concurred.