[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Aetna Life Casualty Co. ("Aetna") brings this action seeking a declaratory judgment as to whether Aetna is under a duty to defend and/or indemnify the defendant Eugene Griffiths d/b/a Eugene Griffiths Painting Contractor ("Griffiths") with respect to a subrogation action brought by the co-defendant here, Continental Casualty Insurance Co. ("Continental"). Aetna issued a commercial general liability insurance policy to Griffiths which was in effect on or about CT Page 280 July 7, 1990.
In its suit against Griffiths, Continental alleges that on or about July 7, 1990 Continental's insureds, Jayne and Lou DeBeradinis, hired Griffiths to paint their home in New Canaan. It further alleges that employees of Griffiths stole a diamond ring from the master bedroom of the DeBeradinis' home. Continental paid its insureds, the DeBeradinis, $9,165.96 under a homeowners' policy to compensate for the theft of the ring. Continental then brought the subrogation action against Griffiths.
Griffiths looked to Aetna to defend him and indemnify him with respect to the subrogation action brought by Continental. On May 19, 1992 Aetna informed Griffiths that the claim by Continental was not covered under the commercial general liability policy issued by Aetna. Although Aetna's reasoning was not clearly expressed in the letter, the letter did refer to the coverage provisions of the policy as well as a provision concerning employees.
Thereafter, an attorney for Griffiths wrote Aetna asking for a reconsideration of the denial of coverage. Further letters were exchanged between Aetna and Griffiths' attorney, culminating in a letter from Aetna on August 4, 1992 which advised Griffiths' attorney that Aetna was "going to assume the defense for the suit involving Eugene Griffiths Painting."
Aetna contends that it is now providing a defense for Griffiths in the Continental action under a reservation of rights. Aetna seeks a declaratory judgment as to whether it has a duty to defend Griffiths and indemnify him for the subrogation claim of Continental.
Griffiths has filed three special defenses. The first special defense is estoppel. Griffiths claims that because Aetna agreed in its August 4, 1992 letter to assume the defense of the Continental claim and because the letter failed to state that it was defending under a reservation of rights with respect to coverage, Griffiths relied on the contents of the letter, with the result that Aetna is estopped from denying coverage. Griffiths alleges in its second special defense that by assuming the defense of the Continental action, Aetna has effected "an accord and satisfaction of the original terms of the policy." The third special defense alleges that Aetna is barred from CT Page 281 denying coverage because of laches.
On the question of coverage Aetna argues that the commercial general liability policy covers damage caused by an "occurrence" and the alleged theft of jewelry by Griffiths' employees is not an "occurrence" within the meaning of the policy at issue. The Aetna policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." In construing an insurance policy which excluded coverage for an "accident," the Connecticut Supreme Court stated "[t]he term `accident' is to be construed in its ordinary meaning of an `unexpected happening.'" Commercial Contractors Corporation v. American Insurance Co., 152 Conn. 31, 42 (1964). In the subrogation action Continental alleges that the diamond ring was stolen and that the actions of Griffiths' employees were "intentional." Clearly Continental is not claiming that the ring was lost accidentally, but rather as the result of deliberate and intentional actions by Griffiths' employees. The Continental claim therefore is not covered under the Aetna policy.
Analysis of a different provision in the Aetna policy leads to the same result, that is, that the Continental claim is not covered under the Aetna policy. Section II, 2. a. of the policy reads:
Each of the following is also an "insured":
 a. Your employees, other than your executive officers, but only for acts within the scope of their employment by you.
Griffiths concedes that its employees were acting outside their scope of employment when they allegedly broke into a locked bedroom and stole the diamond ring. The defendant argues illogically, however, that "since the alleged theft was outside the scope of the employment of the actors, the cited exclusion does not apply."
The policy terms are clear: employees are insured, but only for acts within the scope of their employment. It necessarily follows that employees are not insured for acts outside the scope of their employment. The result of this analysis is the same as under the "occurrence" analysis: CT Page 282 Continental's subrogation claim against Griffiths is not covered under the Aetna policy.
In defense of the plaintiff's claim for a declaratory judgment, the defendant disingenuously argues that there is no actual controversy between the parties about the proper interpretation of the Aetna policy insuring Griffiths. This claim rests, in part, on the fact that the August 4, 1992 letter from Aetna informing Griffiths' attorney that it would assume the defense of the Continental claim does not state that Aetna is doing so under a reservation of rights. The defendant argues that because the letter fails to refer to a reservation of rights, Aetna has implicitly agreed that there is coverage of the Continental claim.
Joseph Alessi, the author of the letter, testified that he had informed Griffiths' attorney on the phone prior to sending the letter that a defense would be provided under a reservation of rights. He further testified that on August 13, 1992 Patti Griffiths, Eugene Griffiths' wife and a corporate officer of the defendant, called him about the August 4 letter and he explained to her at that time that a defense was being provided under a reservation of rights. Alessi's testimony about his conversation with Mrs. Griffiths was corroborated by his contemporaneous notes in the Aetna file. Mrs. Griffiths did not testify at trial and the court finds that the defendant was aware as of August 13, 1992 that Aetna was providing a defense under a reservation of rights and that the parties disagreed as to the interpretation of the Aetna insurance policy. The filing of this action in January, 1993 and its vigorous defense by the defendant confirm the existence of an actual controversy between the parties.
Although the defendant filed special defenses of estoppel, accord and satisfaction, and laches, the defendant did not address any of the special defenses in either of the two memoranda of law filed by the defendants. Nor did the defendant elicit any testimony in support of any of the three defenses at trial. Accordingly, the court finds that the special defenses were abandoned. (Alternatively, if not abandoned, the defenses were not sustained by any evidence at trial and are found to be without merit.)
Judgment is entered that the plaintiff Aetna is not under a duty under the insurance policy in question to defend or CT Page 283 indemnify Eugene Griffiths Painting Contractor with respect to the subrogation action brought by Continental Casualty Insurance Co.
CHRISTINE S. VERTEFEUILLE, JUDGE