[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this case, plaintiff Jane Doe has sued the defendant, The Standard Fire Insurance Company ("Standard"), under General Statutes § 38a-321, for breach of contract and breach of the implied covenant of good faith and fair dealing in connection with Standard's refusal to pay her judgment against its insured, one Charles Landon, for intentional sexual assault, and its earlier refusal to settle her claim against Landon within the limits of his coverage under a homeowners' insurance policy it had issued. Having denied that it is liable for the plaintiff's injuries under the subject insurance policy, Standard now moves this Court for summary judgment on two separate but related grounds: first, that the plaintiff's injuries are not covered under the policy because they resulted not from an accident, but from the intentional sexual misconduct of its insured; and second, that such injuries are excluded from coverage under the policy because they were expected or intended by the insured. The defendant has supported its motion with two memorandum of law and several exhibits, including true copies of the subject insurance policy (the "Policy"), the complaint in the plaintiff's original action against Charles Landon (the "Original Complaint"), and the transcript of the trial court's CT Page 13044 verdict and findings in that original action ("Trial Transcript — Verdict")
The plaintiff has countered the defendant's motion with her own opposing memorandum of law and two additional excerpts of transcript from the trial of her action against Landon. Her position, simply stated, is that the motion must be denied because there is a genuine issue of material fact as to Landon's intent or expectation to cause her injury, and thus as to coverage for her injuries under the Policy.
Factual and Procedural Background
This motion has been presented for decision on the following, undisputed set of facts. In 1989, when the plaintiff was thirteen years old, she was hired by Charles and Ann Marie Landon to work as a babysitter for their infant son. During that year, Charles Landon initiated a sexual relationship with the plaintiff, in which they engaged in sexual intercourse on more than thirty occasions. As a result of this relationship, and of the repeated sexual misconduct which characterized it, the plaintiff suffered severe emotional trauma.
In 1990, the plaintiff, through her next friend, brought suit against Landon in the Hartford Superior Court. The first count of her two-count complaint sounded in negligence. The second count alleged that defendant Landon had committed the intentional tort of sexual assault, in that:
 Defendant Charles Landon intentionally had intercourse with the minor plaintiff when he knew or should have known that severe emotional trauma, bodily injury and/or physical injury would result.
Original Complaint, p. 2.
The Standard Fire Insurance Company which had issued a homeowners' insurance policy to Ann Marie Landon, provided defense counsel for Charles Landon but reserved its right to deny him coverage under the policy. In late 1994, no settlement having been reached despite the plaintiff's professed willingness to do so within the limits of the Landons' insurance policy, the case was tried without a jury CT Page 13045 before the Honorable Jon Blue.
At the trial, Ms. Doe testified as to the nature of her sexual relationship with Charles Landon and the emotional trauma she had suffered since the relationship ended. Defendant Landon, when called to testify, first admitted that in 1989, when the plaintiff was only twelve or thirteen years old, he had hired her to work as a babysitter for his son. When asked, however, whether he had then engaged in sexual intercourse with the plaintiff, Landon invoked his Fifth Amendment privilege against self-incrimination, refusing to say more than that in all of his dealings with the plaintiff, he had never done anything with the intent or expectation that it would cause her physical or emotional harm.
After hearing all of the evidence, Judge Blue ruled for defendant Landon on the negligence count, and for plaintiff Doe on the count alleging intentional sexual assault. "Trial Transcript — Verdict", pp. 4-5. As for the plaintiff's claim of negligence, Judge Blue concluded as follows:
 [I]t seems to me that the intentional and negligence allegations are mutually exclusive[, a]nd that while it might be possible . . . to concoct a hypothetical where . . . one negligently has intercourse[,] that, certainly, . . . is not the situation here. And I don't think it's contended to be so by any party. . . . [W]hat we have here were intentional acts of intercourse, and it seems to me for that reason I must find for the defendant on Count One, which is the negligence count.
Id., pp. 3-4. So stating, Judge Blue ruled that the plaintiff was entitled to judgment on the Second Count of her complaint, declaring that
 . . . there is overwhelming evidence, indeed there is proof beyond a reasonable doubt, if that standard were even necessary[, t]hat — to quote Count Two of the complaint: Charles Landon intentionally had intercourse with the CT Page 13046 minor plaintiff. And I believe that Count Two is amply established with respect to the plaintiff Jane Doe, so the verdict on Count Two must be in favor of the plaintiff Jane Doe.
Id., p. 5.
Turning next to the issue of damages, Judge Blue found that defendant Landon's initiation and continuation of his "terribly wrong relationship" with Ms. Doe were "criminal actions" which had caused her "profound damage." Id., pp. 10-11. Therefore, observing that this was a "case which would cry out for punitive damages, were punitive damages claimed,"id., p. 13, Judge Blue awarded the plaintiff compensatory damages in the amount of $521,174.75.
The plaintiff thereafter brought this action under General Statutes § 38a-321 to require Standard, as Landon's insurer, to pay her judgment against Landon. Her claims, as previously noted, are that Standard breached its contract with Landon by refusing to pay her judgment against him and breached its covenant of good faith and fair dealing by failing to settle her claim within the limits of the Landons' insurance policy before trial. The defendant's motion for summary judgment challenges the plaintiff's right to recover under either theory of liability.
 I
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Yanow v. Teal Industries, 178 Conn. 262, 268 (1979). The burden of establishing a right to judgment lies with the moving party. Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). When, however, a motion for summary judgment is supported by appropriate documents, an adverse party must set forth specific facts through documentary evidence proving that there is indeed a genuine issue of fact for trial. Daily v. NewBritain Machine Co., 200 Conn. 562, 568 (1986). If, upon considering all of the evidence submitted by both parties in the light most favorable to the non-moving party, the Court determines that a verdict would have to be directed for the CT Page 13047 moving party at trial, then summary judgment should be granted. Yanow v. Teal Industries, supra, 268-69.
 II
Standard presents two essential arguments in support of its claim that it has no contractual duty to indemnify Landon for Doe's judgment under the homeowners' policy in question, and thus no duty to pay Doe as Landon's subrogee. First, it claims that the policy does not cover damages resulting from the sexual misconduct of an insured because the personal liability section of the policy only requires payment of damages resulting from "bodily injury or property damage caused by an occurrence to which this coverage applies," Policy, p. 10, and the intentional commission of sexual misconduct is not an "occurrence" within the meaning of the policy. Second, it claims that even if Landon's sexual misconduct could properly be considered an "occurrence," within the meaning of the subject policy, all damages thereby caused to the plaintiff, including those awarded by Judge Blue, are expressly excluded from coverage as "bodily injury or property damage . . . which is expected or intended by any insured." Policy, p. 11. For the following reasons, the Court agrees with defendant Standard that it is entitled to summary judgment because there is no genuine issue of material fact that intentional sexual misconduct by an insured is not an "occurrence" to which coverage extends under the terms of the subject policy.
 A
The basic liability insuring agreement in the Landons' insurance policy provides that
 If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applied, even if the claim or suit is false, we will
 a. pay up to our limit of liability for the damages for which the insured is legally liable; and CT Page 13048
 b. provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.
Policy, p. 10. To be covered by the plain language of this provision, any bodily injury in property damage for which a claim is made must have been "caused by" or "result[ed] from" an "occurrence."
An "occurrence," as defined by the policy, is
 an accident, including exposure to conditions, which results, during the policy period, in
a. bodily injury; or
b. property damage.
Policy, p. 1. Under this definition, the term "accident" unmistakably refers to the event which is claimed to have caused bodily injury or property damage, not to the alleged consequences of that event. By explicitly limiting the policy's liability coverage to bodily injury and property damage "result[ing from]" an "accident," this language clearly excludes from coverage any injury or damage which has resulted, accidentally or otherwise, from any event which cannot fairly be described as an "accident."
Though the policy does not define the term "accident," the common meaning of that term, which any reasonable insured must be thought to have governed his rights under the policy, is well understood. That term, if not otherwise defined in a liability insurance policy,
 is to be construed in its ordinary meaning of an "unexpected happening."
Commercial Contractors Corporation v. American Ins. Co.,152 Conn. 31, 42 (1964). Therefore, in determining whether or not a claim of damages for bodily injury or property damage is CT Page 13049 covered under the instant insurance policy, the Court must initially decide whether or not the "happening" which caused the injury or property damage was itself "unexpected." If it was not, then there is no coverage even if the results of that "happening" were themselves "unexpected."
In this case, there is no question whatsoever that the "happening" which resulted in Ms. Doe's claimed injuries and losses was "expected" in every sense of the word. That "happening" — which was actually a lengthy series of "happenings," each an act of sexual intercourse by the insured, Charles Landon, with the then minor plaintiff — was a conscious course of conduct which, as the plaintiff alleged in her Original Complaint and proved, to the Court's satisfaction, at trial, Landon intentionally engaged in. That an act which is intentionally engaged in is not "unexpected" is a self-evident proposition which requires no further analysis. Therefore, since the record clearly establishes that the events which caused Ms. Doe's injuries were themselves intended, it also conclusively demonstrates that those events did not constitute an "occurrence" within the meaning of the subject insurance policy. For that reason, the defendant insurer's motion for summary judgment must be granted.
 B
In view of the Court's disposition of the defendant's first ground in support of its motion for summary judgment, it need not decide the defendant's further claim that even if the events causing plaintiff Doe's injuries were an "occurrence," those injuries are not covered by the subject policy because they were "expected or intended by an insured." Even so, the Court must note that the resolution of that distinct and different issue requires an entirely separate analysis from that involved in the foregoing discussion of the term "occurrence." In particular, the focus of the Court's analysis on the latter issue must be on the expectation and intentions of the insured as to the consequences of his conduct, not the nature of the conduct itself. The Court's granting of this motion should thus not be taken as an endorsement of the defendant's second claim that the results of intentional sexual misconduct are themselves so invariably expected or intended as to be excluded from liability insurance coverage as a matter of law. CT Page 13050
The Court leaves the decision of that issue to another forum, where it may prove dispositive of a pending claim.
Conclusion
For the foregoing reasons, the defendant's Motion for Summary Judgment is hereby granted.
Michael R. Sheldon, Judge