[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This case arises from an earlier three-count lawsuit brought by Gary Aceto, his wife Maureen, and their minor daughter Lauren, against James O'Leary, his wife Gail, and their minor son James O'Leary III. That suit, on the first count, sought money damages on behalf of Lauren for an alleged sexual assault of Lauren on January 30, 1993 by James III, and, on the second count, money damages on behalf of Gary and Maureen Aceto for emotional distress and medical expenses incurred on behalf of their daughter. The third count was on behalf of all three Acetos against Mr. and Mrs. O'Leary seeking damages under the parental liability statute, C.G.S. § 52-572. On January 4, 1995 judgments were entered on counts one and two for $30,000.00 and on the third count each plaintiff was awarded the sum of $3,000.00 against Mr. and Mrs. O'Leary, plus costs of $206.00 for total judgments on the third count of $9,206.00.
At the time of the sexual assault on January 30, 1993, the defendant Hanover Insurance Company had issued a homeowner's policy of insurance to the O'Learys. The judgments on the third count remain unsatisfied, and, pursuant to C.G.S. § 38a-321, the three plaintiffs have brought this suit directly against the O'Learys' insurer, the defendant, seeking recovery of the $9,206.00 in judgments entered on the third count.
The defendant has filed an answer and four special defenses. Each of the special defenses claims that there is no coverage for a specified reason. The first of these special defenses is that there is no coverage because the insureds' son's conduct was not CT Page 220 an "occurrence" as defined in the policy.
Before the court at this time is the defendant's motion for summary judgment which is based on the first special defense and which alleges that the plaintiffs' claim for damages is not covered by the defendant's insurance policy because the claim is not based upon the occurrence of an accident as required by the terms of the policy. In support of its motion, the defendant has filed copies of the original complaint against the O'Learys, the memorandum of decision by the Court, Mulvey, S.T.R., on that complaint, the plaintiffs' bill of costs in the original case, and the insurance policy issued to the O'Learys. Each party has filed an appropriate memorandum of law.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
The basis of the defendant's claim that there is no insurance coverage in this case is the language of the policy. The policy provides that the defendant will defend and indemnify its insureds "if a claim is made or suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies. . . ." The term "occurrence" is defined as "an accident, . . . which results . . . in: a. bodily injury; or b. property damage."
The parties do not appear to be in dispute over the meaning of the term "accident". It has been defined as "a sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate result." Providence Washington Ins. Group v.Albarello, 784 F. Sup. 950, 953 (D.Conn. 1992). "The term `accident' is to be construed in its ordinary meaning of an CT Page 221 `unexpected happening.'" Commercial Contractors Corporation v.American Ins. Co., 152 Conn. 31, 42 (1964).
Apparently recognizing that the sexual assault by O'Leary III against Lauren could not be construed as an accident, the plaintiffs have not claimed that the defendant's insurance policy provides coverage for the judgments rendered on the first and second counts of the complaint against O'Leary III, which judgments were entered directly as a result of the assault. It is the plaintiffs' claim that the judgments against Mr. and Mrs. O'Leary on the third count were rendered based on their vicarious liability under the parental liability statute, and, therefore, that this liability is an "unexpected happening" as to them.
The issue in the present case is whether the insureds' homeowner's policy provides coverage for the vicarious liability imposed on the insureds under the parental liability statute for the intentional acts of the insureds' minor son. The defendant moves for summary judgment on the sole ground that the policy does not provide coverage to the insureds "because the sexual assault was not an `occurrence' within the meaning of the policy." The defendant does not argue, for purposes of this motion, that an exclusion in the policy applies, and it concludes in its supplemental memorandum that "Each insured is entitled to — and is required to — establish coverage independently under the policy."
"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy." Stephan v.Pennsylvania General Ins. Co., 224 Conn. 758, 763, 621 A.2d 258
(1993). "The policy words must be accorded their natural and ordinary meaning." Id. Any ambiguity in me terms of an insurance policy must be construed in favor of the insured, but this rule of construction may not be applied "unless the policy terms are indeed ambiguous." Id.
In its supporting memorandum, the defendant denies liability under the policy because the sexual assault committed by the insureds' son, which was the basis of the action against the insureds, was not an "occurrence" within the meaning of the policy. The defendant argues that coverage exists for the insureds only for liability arising out of an accident, and that deliberate acts, such as a sexual assault, are not accidents. The CT Page 222 defendant claims that the fact that the insureds did not commit the sexual assault is immaterial under the language of the policy. According to the defendant, the question is not whether the insureds acted intentionally but rather whether the suit against them was for damages because of bodily injury caused by an occurrence, which is defined as an accident. The defendant concludes that because the subject matter of the claim does not fall within the language of the policy, i.e., the injuries in question were not caused by an accident, there is no coverage under the policy, and the defendant is entitled to judgment as a matter of law.
In their opposing memorandum, the plaintiffs claim that the term "accident" is defined as an "unexpected happening." citingCommercial Contractors Corp. v. American Ins. Co., supra. The plaintiffs argue that the event which imposed liability on the insureds in the present case was an "unexpected happening" in that liability was not predicated on the intentional or wrongful conduct of the insureds, but was vicarious and based solely on the parental liability statute, General Statutes § 52-572. Accordingly, the plaintiffs argue that the policy in question covers the insureds in this case because their liability was an "occurrence" within the meaning of that policy.
A review of state and federal case law reveals two cases from foreign jurisdictions that address essentially the same issue presented by the defendant's motion in the present case. These two cases illustrate opposing views as to whether a homeowner's insurance policy provides coverage to the insureds for liability imposed by a parental liability statute for the intentional acts of the insureds' minor child.
In Randolph v. Grange Mutual Casualty Co., 57 Ohio St.2d 25,385 N.E.2d 1305, 1307 (1979), the court held that "a homeowner's insurance policy that provides coverage for `property damage caused by an occurrence,' which latter term is defined in the policy as `an accident,' does not obligate the insurer to pay the claim of an insured under the policy who incurs liability under R.C. 3109.09 [the parental liability statutes for intentional damage caused by another separately insured under the same policy, absent other clear indicia of such obligation in the insurance contract." The court concluded that while the insureds'liability under the statute may have been the result of an "occurrence," the claim against them was not covered where the specific language in the policy "defines coverage in terms of CT Page 223 `damage . . . caused by an occurrence,' not liability caused by an occurrence." (Emphasis in original.) Randolph v. Grange MutualCasualty Co., supra, 385 N.E.2d 1306. "Since the contract makes `damage [not liability] . . . caused by an occurrence a qualification of the insurer's liability, it would appear that Section II, Coverage E does not insure appellant for liability incurred pursuant to R.C. 3109.09." (Alterations in original.) Id.
Based on the reasoning in Randolph, the defendant would not be obligated to pay the plaintiffs' claim in the present case on behalf of the insureds because the plaintiffs' damages, as opposed to the insureds' liability, were not caused by an "occurrence," i.e., an accident. Although phrased somewhat differently, the policy language in the present case is essentially the same as the policy language in Randolph and requires the insurer to pay up to its limit of liability "for damages because of bodily injury or property damage caused by an occurrence" for which the insured is legally liable. Although the insureds' liability may have been unintended or unexpected, as the plaintiffs argue, "the contract makes `damage [not liability] . . . caused by an occurrence' a qualification of the insurer's liability. "Randolph v. Grange Mutual Casualty Co.,
supra, 385 N.E.2d 1306. "From the fact that liability may have been unexpected or `accidental' to appellant [the insured], it does not follow that the damage was unexpected or accidentally caused." (Emphasis in original.) Id.
In contrast, in Property Cas. Co. of MCA v. Conway, 284 N.J. Super. 622,666 A.2d 182 (App.Div. 1995), a New Jersey court disagreed with the Ohio Supreme Court's reasoning in Randolph and held that a child's vandalism of school property giving rise to the vicarious liability of the parent was an "accident" and, therefore, an "occurrence" as to the insured under the homeowners' insurance policy. Of importance in the court's determination was the fact that the policy contained a severability clause making the insurance apply separately to each insured. Property Cas. Co. of MCA v. Conway, supra, 666 A.2d 185. The court concluded that whether the incident giving rise to the insured's liability was an occurrence within the meaning of the policy must be determined from the insured's perspective and that from the insured's perspective, his son's vandalism "was an unintended and unexpected event, i.e., an accident." Id.
The court in Conway added that their "expansive approach to CT Page 224 liability coverage issues is founded in part, on the policy concern that victims be compensated `with insurance proceeds to the extent that compensation will not condone and encourage intentionally-wrongful conduct."' Id., 185. The court pointed out that the parental liability statute, N.J.S.A. 18A:37-3, is based in part on that policy as well and was enacted "to compensate the public and to deter delinquent behavior." (Internal quotation marks omitted.) Id. Although the court recognized the "surface appeal" of the argument that providing coverage dilutes the statute's deterrence element, the court reasoned that resolving this issue in favor of the insurer through a narrow definition of the term occurrence," "would not prevent the specific inclusion of coverage for this to claim in any other policies, and we perceive no public policy reason for prohibiting such coverage to an innocent insured." Id. While acknowledging the contrary result in Randolph, the court in Conway "respectfully disagree[d] with the Ohio Supreme Court's reasoning," and relied instead onUnigard Mut. Ins. Co. v. Argonaut Ins. Co., 20 Wash. App. 261,579 P.2d 1015 (1978) (holding that the policy covers parents for claims against them caused by their son's intentional wrongdoing; coverage is "separable"). Id., 186.
The court is of the opinion that the holding in Property Cas.Co. of MCA v. Conway represents the better view and that the question of whether an event constitutes an "accident" should be determined from the standpoint of the insured. This conclusion is supported by the holding in Sherb v. Travelers Indemnity Co.,
Superior Court, Judicial District of New London at New London, Docket No. 519498 6 Conn. L. Rptr. 432 (May 21, 1992) (Hurley, J.), in which the court, Hurley, J., permitted the insured to recover uninsured motorist benefits for damages intentionally inflicted by the tortfeasor, despite the fact that the act which caused the injury, a criminal assault, would not have been covered by liability insurance even if the tortfeasor had carried such insurance. In discussing the definition of "accident," the court in Sherb stated that the term "'accident' must be interpreted from the point of view of the insured. Thus a collision caused by the intentional act of the uninsured motorist is an `accident' within the meaning of Section 38-175a-6 [now § 38a-334-6] of the regulations . . . ."Sherb v. Travelers Indemnity Co., supra. "[T]he perspective which governs the determination of whether an occurrence is an accident is that of the insured, not the tortfeasor." Middlesex MutualAssurance Co. v. Walsh, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 100581 (November 27, 1989) (Lewis, J., 1 Conn. L. Rptr. 51, 53), aff'd, 218 Conn. 681, CT Page 225590 A.2d 957 (1991), citing 10 G. Couch, Insurance (2d Ed. Rev. 1982) § 41:14 ("The most recent position is that the act is an accident if it was unexpected or unanticipated from the standpoint of the insured.").
Pursuant to General Statutes § 52-572(a), the parents or guardian of any unemancipated minor, who wilfully or maliciously causes damage to any property or injury to any person, "shall be jointly and severally liable with the minor or minors for the damage or injury to an amount not exceeding five thousand dollars, if the minor or minors would have been liable for the damage or injury if they had been adults." The statute has two apparent purposes. Watson v. Gradzik, 34 Conn. Sup. 7,373 A.2d 191 (C.P. 1977). "One reason is to deter juvenile delinquency by placing upon the parent the obligation to control his minor child so as to prevent him from intentionally harming others." Id. "The other is to compensate innocent victims for the damage caused by minor tortfeasors." Id. It would seem that a determination that the insurance policy provides coverage to the insureds "furthers the general goal of compensation of victims." Property Cas. Co.of MCA v. Conway, supra, 666 A.2d 185.
Because the defendant does not rely on the clause in the policy excluding coverage for damage "which is expected or intended by the insured" for purposes of this motion, the court does not address it.
The court is of the opinion that the language of the policy creates an ambiguity with respect to coverage. "Where the terms of the policy are of doubtful meaning, the construction most favorable to the insured will be adopted." LaBonte v. FederalMutual Ins. Co., 159 Conn. 252, 256 (1970). When viewed from the perspective of the insureds, the conduct of their unemancipated minor child in assaulting Lauren Aceto was an unintended and unexpected event and, therefore, for purposes of determining whether the policy provides coverage to the insureds, was an "accident."
Accordingly, the event causing the plaintiffs' injuries was an "occurrence" within the meaning of the policy, there is coverage for the three judgments which are based on the parental liability statute, and the defendant's motion for summary judgment is denied.
William L. Hadden, Jr. CT Page 226
Judge