[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this action asks for a declaratory judgment that it has no duty to defend or indemnify the defendant concerning tortious acts allegedly committed by the defendant in a separate pending civil action. In that action, Nuzzo v.Hitchcock, et al., (the "Nuzzo action") filed in the Superior Court for the Judicial District of New Haven, Deborah Nuzzo alleges that the defendant in this action, Richard Hitchcock, made a series of harassing and obscene telephone calls to her that caused her emotional distress and physical injuries. During the time period of the alleged phone calls, the defendant was the recipient of a homeowner's insurance policy with the plaintiff in this case, Middlesex Mutual Assurance Company. The plaintiff asserts that it has no duty to defend or indemnify the defendant for the acts complained of in the Nuzzo action.
The plaintiff has moved for summary judgment claiming that there is no dispute of material fact precluding summary judgment in its favor. Specifically, the plaintiff claims that (1) the acts with which the defendant is charged in the Nuzzo action do not constitute an "occurrence" within the insurance policy; (2) those acts are excluded under the provision of the policy which excepts injury which is "expected or intended" by the insured; and (3) the defendant provided late notice of the incident to the plaintiff.
The defendant avers that he suffers from alcoholism and alcohol CT Page 3296 induced blackouts and that he does not recollect making any telephone calls to Deborah Nuzzo. In light of these claims, the defendant asserts that factual issues exist which prevent the entry of summary judgment. For the foregoing reasons, the court agrees with the plaintiff that summary judgment should enter because the acts of the defendant alleged in the Nuzzo action do not constitute an "occurrence" covered by the defendant's insurance policy with the plaintiff.[1]
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter. . . . . . . . .Scrapchansky v. Plainfield, 226 Conn. 446, 450 (1993). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist. Cortes v. Cotton, 31 Conn. App. 569, 575
(1993). [I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Johnson v. Meehan, 225 Conn. 528, 535
(1993). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578 (1990)." (Internal quotation marks omitted.)Warner v. Lancia, 46 Conn. App. 150, 158 (1997).
The plaintiff seeks a declaratory judgment that it does not have a duty to defend the defendant in the Nuzzo action. Whether the plaintiff has a duty to defend under the policy depends on whether, in light of the policy language, the complaint in the Nuzzo action alleges conduct for which coverage was provided.Imperial Casualty And Indemnity Company v. State, 246 Conn. 313,323 (1998). See also Missionaries of the Co. of Mary, Inc. v.Aetna Casualty Surety Co., 155 Conn. 104, 110 (1967). "An insurer's duty to defend is determined by reference to the allegations contained in the injured party's complaint. The duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage. Because the duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured; if an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." (Internal quotation marks and citations omitted.) Imperial Casualty AndCT Page 3297Indemnity Company v. State, supra, 246 Conn. 323-324.
A comparison of the factual allegations of the injured party's complaint with the coverage provided by the insurance policy reveals the following. The complaint in the Nuzzo action alleges that from July, 1996 through July 1998 the defendant made a number of harassing and obscene telephone calls to Deborah Nuzzo that caused her injury. During this period of time, there were two separate homeowner's insurance policies between the plaintiff and the defendant. One policy was in effect from November 23, 1994 to November 23, 1997 and another policy was in effect from November 23, 1997 to the present. Both policies provided coverage for injury caused by an "occurrence." Under both policies, an "occurrence is defined as "an accident... which results, during the policy period, in . . . bodily injury or... property damage."[2]
The plaintiff claims that the making of harassing and obscene telephone calls does not constitute an accident. As support for its position, the plaintiff presents the definition of accident as a "sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate result" contained in Webster's Third New International Dictionary of the English Language and cited with approval in Providence WashingtonInsurance Group v. Alborello. 784 F. Sup. 950, 953 (D. Conn. 1992).
The defendant points to the same definition of accident to bolster his argument that his alleged actions are covered by the policy. He claims that he "has no recollection" of making any such telephone calls and therefore any actions on his part were done without intent or awareness.[3]
The term accident has been variously defined by the Connecticut Supreme Court as "an unintended occurrence," Hammer v.Lumbermen's Mutual Casualty Co., 214 Conn. 573, 590 (1990) and "an unexpected happening," Commercial Contractors Corporation v.American Ins. Co., 152 Conn. 31, 42 (1964). The acts complained of by Deborah Nuzzo, repeated harassing and obscene telephone calls over a two year period, can not be deemed an accident under either definition. Moreover, the fact that the defendant has no recollection of the events in question does not make them either unintended or unexpected. The lack of a present memory of the acts also does not equate with a lack of awareness at the time CT Page 3298 that the acts were committed.
The defendant also asserts that the incidents were unintended and arguably accidental because he suffers from alcoholism and blackouts. In support of his claim, the defendant submitted his own affidavit and an affidavit from Dr. Ronald N. Marcus, his treating psychiatrist. The defendant's affidavit states in relevant part that "I have no recollection of making these telephone calls or any other calls alleged to have been made between July, 1996 and July, 1998" and "I suffer from the disease of alcoholism, and as a result of my alcoholism suffer from blackouts." The affidavit of Dr. Marcus reads in its entirety as follows:
"1. I am a licensed physician in the State of Connecticut, and am a Board Certified Psychiatrist who has known Russell Hitchcock for the past five years.
2. For more than one year I have been treating Mr. Hitchcock for alcohol dependence.
3. Mr. Hitchcock fulfills the DSM-IV diagnostic criteria for alcohol dependence (303.90).
4. Mr. Hitchcock's clinical presentation has included excessive consumption of alcohol, physiological dependence as well as alcoholic blackouts.
5. An alcoholic blackout specifically refers to a period of amnesia lasting for several hours or more, during or at the end of a heavy drinking bout usually accompanied by a temporary loss of consciousness ("passing out").
6. Mr. Hitchcock confined his drinking to after working hours and the weekends."
The affidavits are more revealing for what they do not say then for what they assert. Neither the affidavit of the defendant nor that of his psychiatrist state that the defendant suffered from alcoholism or blackouts during the time period in question, July 1996 through July 1998. The defendant's affidavit is written in the present tense; "I suffer from the disease of alcoholism, and as a result, suffer from black-outs." Dr. Marcus' affidavit is dated December 28, 1999 and states that he has been treating the defendant for alcohol dependence "for more than one year." CT Page 3299
In order for the defendant to claim that his alleged actions were unintended due to his alcoholism, he must present facts showing that he suffered from alcoholism at the time that the telephone calls were made. No such facts have been presented to this court.[4]
While the court must view the evidence in the light most favorable to the nonmoving party when deciding a motion for summary judgment, the court can not consider factual claims that are unsupported by affidavit or other reliable evidence. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court in support of a motion for summary judgment." (Internal quotation marks and citations omitted..) United Services AutomobileAssociation v. Marburg, 46 Conn. App. 99, 110 (1997).
The plaintiff has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Accordingly, the plaintiffs motion for summary judgment is hereby granted.
Judge Jon M. Alander