■ CLEMENT MOSSERI, Appellant-Respondent, v ZIMMERMAN & ZIMMERMAN et al., Respondents-Appellants.—Order, Supreme Court, New York County (Reuben K. Davis, J.), entered October 1, 1984, unanimously modified, without costs or disbursements, on the law and the facts, to strike the awards for punitive damages and to direct a new trial on the issues of liability and compensatory damages unless plaintiff, within 20 days after service of a copy of the order to be entered herein upon his attorney, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation

consenting to a reduction of the verdict in his favor for compensatory damages to $100,000 and, except as thus modified, affirmed. Appeal from the interlocutory judgment of the same court, entered December 20, 1984, imposing liability on defendants, dismissed, as academic, without costs or disbursements.

The jury, in this attorneys' malpractice action, awarded $500,000 in punitive damages, collectively, against defendants. Trial Term would have reduced that amount collectively to $5,000 upon plaintiff's acceptance thereof. There is no warrant whatsoever in the record for the award of punitive damages. Not only did the complaint fail to request such relief or plead a basis therefor, but the record is devoid of any showing of that type of fraud and deceit which, aimed at the public generally, is gross and involves high moral culpability. *(See, Walker v Sheldon,* 10 NY2d 401, 405.) In any event, there is a forum, in the case of an errant lawyer, for the vindication of the public's rights. In this case, we see no need to create any additional redress in the form of punitive damages. After review of the record we find that plaintiff presented a prima facie case of liability. The $500,000 award of compensatory damages, however, appears to us to be excessive to the extent indicated. Trial Term would have reduced that award upon plaintiff's stipulation to accept the same to $62,500, which we find, given the medical proof, to be inadequate. In the event plaintiff refuses to consent to the reduction of the compensatory damage award the retrial of this action shall resolve the issues of both liability and compensatory damages since we believe they are inextricably interwoven. *(See, Mercado v City of New York,* 25 AD2d 75, 77-78.) Concur—Kupferman, J. P., Sullivan, Carro, Fein and Rosenberger, JJ.