■ SUZANNE LAVANANT et al., Respondents, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant, and CHUBB GROUP OF INSURANCE COMPANIES et al., Respondents.— Judgment, Supreme Court, New York County (Beverly S. Cohen, J.), entered June 29, 1990, finding in favor of the plaintiffs against defendant in the sum of $104,624.32, representing reasonable attorney's fees and costs incurred by plaintiffs in the defense of another action, unanimously affirmed, with costs.

Defendant has failed to demonstrate that the court erred in awarding fees and costs upon consideration of the well-settled

factors in fixing an attorney's fees. *(See, Matter of Freeman,* 34 NY2d 1.) The defendant's claims with respect to the law firm Finkelstein Borah are conclusory and erroneous, to the extent that the law firm, expert in landlord tenant matters, was concerned with the breach of warranty claim by plaintiffs in the underlying *Lavanant v General Acc. Ins. Co.* action (164 AD2d 73, *lv dismissed* 77 NY2d 939). Also, while it is generally improper for an attorney in a personal injury action to disclose to the jury the existence of insurance coverage or, in this case, that a property damage claim had been settled and paid, the Brownstein firm, at the hearing, set forth a reasonable strategy for the disclosure and it cannot be said that nondisclosure would have changed the outcome. Defendant has failed to demonstrate any entitlement to a reduction of the reasonable attorney's fees and costs fixed after the hearing *(see, Matter of Freeman, supra).* Concur—Carro, J. P., Rosenberger, Kupferman, Ross and Rubin, JJ.