OPINION OF THE COURT
Kaye, J.
This appeal by an insurer presents an issue that has divided courts in other jurisdictions but remains open here: whether coverage for "bodily injury” includes emotional distress resulting from the insured’s negligent conduct, where no physical injury or contact is involved. We conclude that in the circumstances presented, mental injury alone is covered.
I.
Plaintiffs are the owner and managing agent of a four-story brownstone located on East 24th Street in Manhattan. The property was insured under two policies. The first, a comprehensive general liability policy issued by defendant General Accident Insurance Company of America, provided coverage of up to $500,000 for each occurrence. The second, an umbrella policy issued by defendant Federal Insurance Company, provided excess liability coverage of $10,000,000 over General Accident’s occurrence limit.
General Accident’s policy — the one directly in issue in this case — provided coverage for bodily injury and property damage. "Bodily injury” was defined as "bodily injury, sickness or disease.”
In 1984, during renovation of the premises, a portion of the ceiling collapsed in the apartment rented by Emilio Belliti and Victor Rizika. In a single action, they sought damages from plaintiffs for personal injury and property damage, alleging negligence, intentional infliction of emotional distress, assault, and breach of warranty of habitability. The complaint did not allege any physical injury or contact.
Upon receiving notification of the action, General Accident undertook the defense, reserving its rights on certain questions of coverage. Federal took no action until 1988, when it acknowledged the negligence cause of action and disclaimed liability as to the remaining claims.
Concerned with assigned counsel’s handling of the case, plaintiffs substituted their own counsel. On the day of the substitution, and over plaintiffs’ objection, General Accident settled the property damage claim under the first cause of action for $50,000. The second and third causes of action— *627 based on intentional conduct — were dismissed by the trial court prior to submission to the jury. In 1988, the jury awarded the tenants $400,000 for personal injuries — including emotional distress — on their negligence claim and $5,226 on the breach of warranty claim; a punitive damage award of $2,500,000 was set aside by the trial court. Judgment was entered in the amount of $410,738, which was affirmed on appeal (Belliti v Lavanant, 151 AD2d 1051, lv denied 75 NY2d 702).
While the tenants’ appeal was pending, plaintiffs commenced this action against General Accident seeking indemnity for the judgment and attorneys’ fees.[1] In response to plaintiffs’ motion for partial summary judgment, General Accident argued both that the damages award was based on intentional conduct and thus outside the scope of coverage, and that there was no coverage for emotional distress in the absence of physical injury or contact. Supreme Court granted plaintiffs partial summary judgment, to the extent of requiring General Accident to indemnify them for the judgment in the tenants’ action, plus interest, attorneys’ fees and costs incurred in defending that action; it severed plaintiffs’ claims for punitive damages and attorneys’ fees incurred in the present action, which remain pending in the trial court. The court based its holding on the intentional conduct issue and did not reach the question of coverage for purely mental injury.
While noting that the issue appeared to present a case of first impression in New York, the Appellate Division rejected General Accident’s assertion that coverage would not attach without physical injury or contact, and held that "bodily injury” includes "the emotional and psychological effects of incidents that are otherwise covered by the policy.” (164 AD2d 73, 79.)[2] In a separate order, the Appellate Division affirmed Supreme Court’s award of $104,624 for attorneys’ fees and costs incurred by plaintiffs in defending the tenants’ action.
*628 General Accident appeals both determinations, arguing that emotional distress without physical injury or contact does not constitute "bodily injury” under the terms of its policy, and that Supreme Court erred in calculating attorneys’ fees. Both the order affirming the attorneys’ fees award and the prior nonfinal order granting partial summary judgment are reviewable by this Court (see, CPLR 5501 [a]), but on the merits the insurer’s arguments must be rejected.
II.
General Accident first urges that the issue of coverage for pure emotional distress is controlled by prior decisions of this Court, pointing to Brustein v New Amsterdam Cas. Co. (255 NY 137) and Rosman v Trans World Airlines (34 NY2d 385). Neither case governs the issue before us.
Brustein and its progeny concern loss of services claims by spouses of injured persons (see, e.g., Floyd v Consolidated Indem. & Ins. Co., 237 App Div 190). In Brustein, the Court distinguished between the broad term "personal injury,” which encompasses loss of services claims, and the narrower term "bodily injury,” which does not. General Accident argues that emotional injury likewise falls within the broad category of personal injury but cannot be considered bodily injury.
Mere statement of those cases exposes the distinction. Loss of services claims are derivative; there are no allegations that plaintiff suffered any direct injury — physical or mental. The insurer’s obligation to compensate for bodily injury does not extend to derivative claims for loss of services which occurred as a result of physical injuries suffered by a third person (see, County of Chemung v Hartford Cas. Ins. Co., 130 Misc 2d 648, 650). The insurance policy in Brustein, moreover, covered "bodily injuries or death.” That policy lacked any definition of "bodily injury” comparable to the one in the present case, which adds the terms "sickness and disease.”
Nor is Rosman controlling. In Rosman this Court considered whether the phrase "death or wounding * * * or any other bodily injury” contained in the Warsaw Convention created liability for psychic trauma not resulting from impact (34 NY2d, at 388). Analysis began with the fact the Warsaw Convention was a major international agreement signed by more than 100 nations that had as a primary objective the limitation of liability for air carriers in case of accident (34 NY2d, at 390). As a treaty, the Convention was to be given a *629 liberal construction in order to effectuate its purposes (34 NY2d, at 395). It was against this backdrop that the Court held the term "bodily injury” as used in the treaty excluded mental injury without bodily manifestations (34 NY2d, at 397).
The present case is different in several important respects. First, we are interpreting not an international treaty aimed at limiting liability, but a private contract of insurance. Second, the clause at issue in Rosman did not include the terms "sickness” and "disease,” but spoke of "wounding” and bodily injury, plainly contemplating something physical.
Pertinent also is the fact that the Warsaw Convention was drafted more than 60 years ago, when liability for emotional distress was more circumscribed (see, Eastern Airlines v Floyd, 499 US —, —, 111 S Ct 1489, 1498 [noting that many jurisdictions did not recognize recovery for mental injury at the time of the Convention]). New York itself did not recognize recovery for purely mental injuries until 1961 (see, Battalla v State of New York, 10 NY2d 237; see also, Eastern Airlines v Floyd, 499 US, at —, n 10, 111 S Ct, at 1498, n 10, supra). In light of changed attitudes toward compensation for mental injuries in the six decades since the Warsaw Convention, a presumed intent to exclude such damages can have little relevance in interpreting the insurance contract in issue.
We therefore agree with the Appellate Division that the question remains an open one in this State.
III.
The principles governing interpretation of insurance contracts are well settled. Unambiguous provisions of a policy are given their plain and ordinary meaning. But where there is ambiguity as to the existence of coverage, doubt must be resolved in favor of the insured and against the insurer (see, United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232; State of New York v Home Indem. Co., 66 NY2d 669, 671).
The legal question whether the term "bodily injury” is ambiguous has been extensively litigated in other jurisdictions and has engendered lively debate throughout the country. Some courts have found the term ambiguous (see, e.g., Lees v Smith, 363 So 2d 974, 980 [La App]; NFS Corp. v Insurance Co., 213 NJ Super 547, 517 A2d 1211), while others have found no ambiguity (see, e.g., Allstate Ins. Co. v Diamant, 401 *630 Mass 654, 658, 518 NE2d 1154; Farm Bur. Mut. Ins. Co. v Hoag 136 Mich App 326, 356 NW2d 630).
We conclude that the key term "bodily injury,” as used in the policy before us, is ambiguous.
On its face, the policy purchased by plaintiff property owners is one of comprehensive general liability insurance. It specified as "coverages” "bodily injury liability and property damage liability,” suggesting one covered category of injury to the person and a second covered category of injury to property. There is at least an ambiguity in this respect. The ambiguity is heightened, not eliminated, by the policy’s explicit definition of "bodily injury” as "bodily injury, sickness or disease.” The categories "sickness” and "disease” in the insurer’s definition not only enlarge the term "bodily injury” but also, to the average reader, may include mental as well as physical sickness and disease.
We decline General Accident’s invitation to rewrite the contract to add "bodily sickness” and "bodily disease,” and a requirement of prior physical contact for compensable mental injury. General Accident could itself have specified such limitations in drafting its policy, but it did not do so.
We note that the definition proposed by plaintiffs — one that includes coverage for purely emotional distress — is consistent with recent case law in this State allowing recovery for such injuries in a variety of contexts (see, e.g, Matter of Wood v Laidlaw Tr., 77 NY2d 79; see also, Kennedy v McKesson Co., 58 NY2d 500, 504). In upholding such claims, we have recognized that emotional trauma may be as disabling as physical injury, and that whether a person suffers one form of injury or the other may be a fortuity determined solely by the particular vulnerability of an individual. In a given situation "one person may be susceptible to a heart attack while another may suffer a depressive reaction.” (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505, 510; see also, NPS Corp. v Insurance Co., 213 NJ Super, at 552-553, 517 A2d, at 1214, supra.)
This development of the law is relevant to the present controversy. Recognition of the compensability of purely mental injuries for claimants brings with it increased exposure to liability for insureds. This underscores that the reasonable expectation of property owners purchasing a comprehensive policy such as plaintiffs’ would be that their liability for purely mental injury would fall within their insurance cover *631 age (see, Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356, 361).
Thus, we conclude that "bodily injury” in General Accident’s policy is ambiguous and that, resolving the doubt in favor of insured and against the insurer, General Accident is obligated to indemnify plaintiffs.
IV.
Finally, we reject General Accident’s argument that the award of attorneys’ fees was improper. This argument is based on factual assertions considered and rejected by Supreme Court. In affirming, the Appellate Division held that the award represented reasonable attorneys’ fees and costs incurred by plaintiffs in defending the tenants’ action. There is no basis in the record for overturning this determination (see, Matter of Freeman, 34 NY2d 1).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.

. Similar relief was sought from Federal. In that plaintiffs’ net loss fell within the primary policy limits, Supreme Court granted Federal’s motion to dismiss the complaint, and the Appellate Division affirmed. While Federal appears on the present appeal as "defendant-respondent,” the result we reach makes it unnecessary for us to consider Federal’s alternative arguments for affirmance.

. The Appellate Division affirmed Supreme Court’s ruling that the verdict in the tenants’ action was based on negligent, rather than intentional, conduct and General Accident does not press that issue here.