■ SUZANNE LAVANANT et al., Appellants, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Respondent, et al., Defendants. SUZANNE LAVANANT et al., Appellants, v MILTON M. WITCHEL et al., Respondents. [622 NYS2d 726] —Judgment, Supreme Court, New York County (Beverly S. Cohen, J.), entered June 21, 1994, which dismissed plaintiffs' complaint (NY County index No. 7818/90), and order, same court and Justice, entered July 7, 1994, which granted the motion of General Accident Insurance Company of America for reargument, and upon reargument, dismissed the remaining first and second causes of action alleged in plaintiffs' complaint (NY County index No. 4019/89), unanimously affirmed, with costs. Appeal from order of said court and Justice entered on or about March 23, 1994 (in index No. 7818/90), unanimously dismissed as subsumed within the appeal from the final judgment in that action, without costs.

Dismissal of plaintiffs' compensatory damage claims against the insurers was proper because they have recovered the full amount of judgment in the underlying action and the attorneys' fees incurred by counsel substituted as a result of the insurer's conflict of interest (see, Lavanant v General Acc. Ins. Co., 164 AD2d 73; Lavanant v General Acc. Ins. Co., 176 AD2d 618, affd 79 NY2d 623). Plaintiffs' claims for punitive damages

are not sustainable absent evidence of conduct demonstrating such a high degree of moral turpitude and wanton dishonesty as to imply criminal indifference to civil obligations which is aimed at the public, generally *(Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603; *Belco Petroleum Corp. v AIG Oil Rig,* 164 AD2d 583), a burden plaintiffs failed to meet.

Plaintiffs also failed to establish a prima facie case of malpractice against the attorneys assigned by the insurer, because they submitted no proof of actual damages proximately caused by purported attorney negligence *(see, Zarin v Reid & Priest,* 184 AD2d 385, 387-388). Their claims of conflict of interest, even if a violation of the Code of Professional Responsibility, would not support a separate cause of action for punitive damages *(Brown v Samalin & Bock,* 155 AD2d 407; *Mosseri v Zimmerman & Zimmerman,* 114 AD2d 338).

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Wallach, J. P., Rubin, Ross, Asch and Mazzarelli, JJ.