■ NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant-Respondent, v ALLSTATE INSURANCE COMPANY, Respondent-Appellant, et al., Defendant. [630 NYS2d 591] —Spain, J. (1) Cross appeals from a judgment of the Supreme Court (Hughes, J.), entered September 29, 1994 in Albany County, which, *inter alia*, partially granted a cross motion by defendant Allstate Insurance Company for summary judgment and dismissed the first and second causes of action of the complaint against it, and (2) appeal from a judgment of said court, entered December 22, 1994 in Albany County, which, upon reargument, *inter alia*, dismissed the remaining cause of action of the complaint against said defendant.

Michael Zullo obtained a loaner car, while his car was being repaired, from the Jack Byrne Ford-Mercury dealership (hereinafter Byrne). Michael Zullo's car was insured by defendant Allstate Insurance Company (hereinafter defendant). A few days later Karen Zullo, Michael Zullo's daughter-in-law, was involved in an accident with a pedestrian while driving the loaner car; she reported the accident to defendant. Thereafter, the pedestrian commenced a personal injury action against Karen Zullo and defendant, believing that she was the resident spouse of Michael Zullo, undertook her defense. Five months later, defendant learned that Karen Zullo did not reside with Michael Zullo and disclaimed coverage. Defendant informed her that she was not insured under her father-in-law's policy and suggested that she contact her own automobile insurer, plaintiff.

Plaintiff commenced this declaratory judgment action seeking an order requiring defendant to defend and indemnify Karen Zullo in the underlying personal injury action. Plaintiff moved for summary judgment and defendant cross-moved for

summary judgment. Supreme Court partially granted defendant's cross motion, but determined that an issue of fact existed as to whether the doctrine of estoppel required defendant to continue to provide coverage to Karen Zullo. Both parties appealed. Upon a motion for reargument by plaintiff, Supreme Court modified its original judgment and granted summary judgment to defendant on the estoppel issue, thereby dismissing plaintiff's complaint in its entirety. Plaintiff appeals Supreme Court's subsequent judgment.

Michael Zullo's insurance policy with defendant provides, in pertinent part, as follows: "[*Defendant*] will pay for all damages an insured person is legally obligated to pay—because of bodily injury or property damage * * *. Insured Persons (1) While using *your* insured *auto*:[*] (a) *you*, (b) any *resident*, and (c) any other person using it with *your* permission. (2) While using a non-owned *auto*: (a) *you*, (b) any *resident* relative using a four wheel private passenger *auto* or *utility auto*. * * * Insured Autos (1) Any *auto* described on the declarations page. * * * (3) A substitute four wheel private passenger *auto* or *utility auto*, not owned by *you* or a *resident*, being temporarily used while *your* insured *auto* is being serviced or repaired, or if *your* insured *auto* is stolen or destroyed. * * * Definitions * * * (5) '*You*' or '*Your*'—means the policyholder named on the declarations page and that policyholder's *resident* spouse" (emphasis in original). Plaintiff contends that Karen Zullo is an insured person under subsection (1) of the policy's provision titled "Insured Persons". Defendant contends that Karen Zullo is not an insured person under either subsection of the policy's provision titled "Insured Persons".

It is uncontested that Karen Zullo had Michael Zullo's permission to use the loaner car on the day of the accident. As a loaner, the car driven by Karen Zullo was clearly an insured auto within the meaning of subsection (3) of the policy provision titled "Insured Autos". We now turn to the meaning of the term "insured persons" as used in defendant's policy. As previously set forth, the "Insured Persons" provision lists those who are given status as insured persons under the policy, in pertinent part, as follows: "(1) While using *your* insured *auto*: (a) *you* (b) any *resident*, and (c) any other person using it with *your* permission." (emphasis in original). Defendant argues, and Supreme Court ruled, relying on the rationale set forth in *Continental Ins. Co. v McKain* (820 F Supp 890, *affd* 19 F3d 642), that "your insured auto" does not refer to the loaner car. An application of that rationale to the facts in the case at bar

---

* The term "your insured auto" is not defined in the policy.

would result in the conclusion that the term "your insured auto" refers only to the Michael Zullo vehicle listed on the declaration page of the insurance policy. We conclude that the language of the insurance policy does not support that conclusion and reverse.

"You" and "your" are defined in the policy as meaning the policyholder and the policyholder's spouse. When "your" is added to "insured auto" for the purpose of defining "insured persons", it refers to Michael Zullo's or his resident wife's insured automobile. Having previously concluded that the loaner car is an "insured auto" under the terms of defendant's insurance policy, said policy must include coverage for Karen Zullo under the "Insured Persons" provision, subsection (1) (c). Unambiguous terms of a policy are given their plain and everyday meaning (*see, Lavanant v General Acc. Ins. Co.,* 79 NY2d 623, 629).

Even if the phrase were viewed as ambiguous, it should be resolved against defendant which wrote the insurance contract in question. "[W]here there is ambiguity as to the existence of coverage, doubt must be resolved in favor of the insured and against the insurer" (*supra,* at 629).

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered, that the judgments are reversed, on the law, with costs to plaintiff, plaintiff's motion granted, summary judgment awarded to plaintiff and it is declared that defendant Allstate Insurance Company must provide a defense and indemnification to Karen Zullo with respect to the underlying personal injury action. [As amended by unpublished order entered Apr. 23, 1996.]