[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Cheryl Lanata (Lanata) has been sued by Kristin Norton (Norton) and Peter Williams (Williams), who allege that Lanata obtained and provided copies of Norton's psychological therapy records to others, that she obtained and provided to others copies of an arrest report concerning Norton, and that she falsely reported to others that Williams had been sexually abused and had sexually abused and attempted to sexually abuse other children. Norton claims that Lanata's actions constituted an invasion of privacy as well as the intentional and negligent infliction of emotional distress; the single count pertaining to Williams in the underlying action alleges slander per se against Lanata.
Lanata has turned to the Allstate Insurance Company (Allstate) for a defense against these claims and for indemnification for any damages she may have to pay Norton and Williams. While conceding that Lanata was an insured under a policy in effect at the time of her alleged actions, Allstate in this action seeks a declaratory judgment that it is not obligated to defend or indemnify her for the claims asserted in the lawsuit by Norton and Williams. Before the court is Allstate's motion for summary judgment, claiming that Lanata's alleged actions (1) do not constitute an "occurrence" as that term is defined in the policy and (2) did not cause "bodily injury" to either Norton or Williams as required by the policy.[1]
 I
"The court may address the merits of a declaratory judgment action upon a motion for summary judgment." American Home Assurance Co. v. Stamford Propane, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149399 (March 7, 1997). "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for CT Page 12189 summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385, 386,752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted). Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753
(2000). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 663, 691 A.2d 1107 (1997). The "construction of a contract of insurance presents a question of law for the court"; Aetna Life Casualty Co. v. Bulaong, 218 Conn. 51, 58, 588 A.2d 138
(1991); which is thus an appropriate matter for summary judgment. . . ." Pion v. Southern New England Telephone Co., supra, 44 Conn. App. 660.
 II
The plaintiff first argues that the policy under which Lanata is insured limits its liability for the payment of damages to those arising out of an "occurrence" to which the policy applies.[2] Specifically, the plaintiff claims that Lanata's actions in regard to Norton and Williams were deliberate and intentional and not accidental, as required by the language of the policy.
In deciding whether the evidence shows that there is a disputed fact as to whether Lanata's conduct toward Norton and Williams was accidental and, consequently, a covered occurrence under the language of the policy, I look to the language of our Supreme Court that "[t]he term `accident' is to be construed in its ordinary meaning of an `unexpected happening.'" Commercial Contractors Corp. v. American Ins. Co.,152 Conn. 31, 42, 202 A.2d 498 (1964). "An accident is a sudden event or change occurring without intent or volition through carelessness, an unfortunate result." Atlantic Mutual Ins. Co. v. Pope, Superior Court, judicial district of New Britain, Docket No. 497354 (June 28, 2001). "The mention of `intent' in the case law definition of `accident' as `a sudden event or change occurring without intent or volition through carelessness, an unfortunate result' goes more to the lack of deliberateness or negligent conduct of the act itself, not the intent of the acting party to achieve a certain end result." Id.
A review of the facts alleged in the underlying complaint of Norton and CT Page 12190 Williams against Lanata reveals that Lanata provided Norton's psychological therapy records to another psychologist and to other individuals, that she provided copies of Norton's arrest record to other individuals, that she falsely reported that Williams had been sexually abused, that he had sexually abused another minor child and that he had attempted to abuse sexually still another minor child. See Plaintiff's Memorandum, Exhibit B. Giving words their ordinary meaning, it is difficult to see how these actions could have occurred by "accident".
This issue cannot be resolved, however, without consideration of the recent decision in DaCruz v. State Farm Fire Casualty Co.,69 Conn. App. 507 (2002). That case arose out of an assault by State Farm's insured on DaCruz, resulting in serious injuries and a default judgment against the insured. DaCruz then brought an action against State Farm under General Statutes § 38a-321 as a judgment creditor of the insured, subrogated to the rights of the insured against his insurer for indemnification. Because the court which entered the default judgment found that the conduct of the insured in assaulting DaCruz was negligent as well as intentional, Id., 510 n. 4, the Appellate Court held that DaCruz's injuries were caused by an "occurrence", i.e., an "accident", and the insured would have been entitled to a defense and to indemnification under the policy. Id., 516.
Lanata argues that, because some of the counts in the complaint against her sound in negligence; e.g., counts two and five, alleging negligent infliction of emotional distress, DaCruz dictates that she is entitled to both a defense and to indemnification by Allstate.
I take this argument seriously and find Allstate's attempted distinctions of the situation in DaCruz unpersuasive. It is unnecessary for me to resolve this issue, however, because, even if Lanata's actions constitute an "occurrence" under the expanded concept of "accident" inDaCruz, she is not covered by the policy because neither Norton nor Williams claim to have suffered "bodily injury" as a result of her alleged acts.[3]
 III
The damages claimed by Norton in the complaint against Lanata underlying this action are "mental anguish, anxiety, humiliation, embarrassment and damage to her reputation". See Plaintiff's Memorandum, Exhibit B. Williams claims that Lanata's actions caused "damage to his reputation". Id. Were there any question about the nature of the damages not claimed by Norton and Williams, their answers to interrogatories propounded to them in the underlying lawsuit state that neither is CT Page 12191 claiming any physical injuries, and neither has obtained any medical treatment or incurred any medical bills.
Nevertheless, Lanata contends that Norton's and Williams' claims are tantamount to a "sickness" and are, therefore, covered as a "bodily injury" under the policy.[4]
To make this claim Lanata must distinguish the case before the court from the holding in Moore v. Continental Casualty Co., 252 Conn. 405,746 A.2d 1252 (2000), in which the Supreme Court, agreeing with the majority rule among courts which had considered the issue, held "as a matter of law, the term bodily injury in a liability policy does not include emotional distress unaccompanied by physical harm". Id., 411-12. She attempts to do so by arguing that the policy under consideration by the court in Moore provided an additional type of coverage not available under the policy in effect here; viz., "personal injury" coverage for noncorporeal injuries, excluding emotional distress. Because of this specific form of coverage, she contends, the "bodily injury" coverage under the Moore policy would, of necessity, require physical injury, whereas, under her own policy, "bodily injury" coverage must be inclusive of corporeal and noncorporeal injury.
Lanata seeks to read into the Moore decision a theory of recovery that in policies like the one insuring her, where there is no specified coverage for noncorporeal injuries; i.e., no personal injury" classification of coverage, then that type of coverage must, of necessity, be included under the "bodily injury" coverage. Moore does not state this, or even imply it.[5]
In arriving at its holding, the Moore court examines the decisions of more than a dozen federal and state courts including Lavanant v. GeneralAccident Ins. Co., 79 N.Y.2d 623, 630, 595 N.E.2d 819, 584 N.Y.S.2d 744
(1992), a case cited by Lanata in her memorandum in opposition. See Defendant's Memorandum, pp. 8-9. The Moore court categorically rejects the holding of Lavanant and similar decisions with the view that "these authorities find ambiguity where there is none, and are contrary to the plain meaning of the language of the insurance policy and the reasonable expectations of the parties to the policy." Id., 414. "It would expand coverage of these policies far beyond any reasonable expectation of the parties to sweep within their potential coverage any alleged emotional or physical distress that might result from economic loss that is itself clearly outside the scope of the policy." Id., 413. "It is undoubtedly true that emotional distress ordinarily might be accompanied by some physical manifestations, such as an altered heart rate and altered blood pressure, and perhaps other such manifestations as changes in the size of CT Page 12192 the pupils, and sleeplessness and headaches. That does not mean, however, that `bodily harm, sickness or disease,' as used in the insurance policy . . . necessarily includes emotional distress caused by economic loss." Id., 415.
Accordingly, I conclude that the injuries which Norton and Williams claim to have sustained because of Lanata's actions do not constitute a "sickness" as that word is used to define "bodily injury" under Lanata's policy.
 IV
"Under our law, the terms of an insurance policy are to be construed according to the general rules of contract construction. . . . It is well established that where the terms of an insurance contract are clear and unambiguous, the court must construe the contract in accordance with that meaning. . . . Courts must avoid any tendency to `torture' a word's ordinary meaning to create ambiguity." (Internal citations and quotations omitted.) Dewitt v. John Hancock Mutual Life Ins. Co., 5 Conn. App. 590,593-94 (1985). Because the term "bodily injury" is clear and unambiguous and does not include the type of injury alleged in the underlying complaint, Allstate has neither the duty to defend nor the duty to indemnify Lanata. The motion for summary judgment is granted.
BY THE COURT
 _______________________ Joseph M. Shortall, J.