■ G.D. SEARLE & Co., INC., et al., Respondents, v PENNIE & EDMONDS LLP, Respondent. (Action No. 1.) UNIVERSITY OF ROCHESTER, Appellant, v PENNIE & EDMONDS LLP, Respondent. (Action No. 2.) [764 NYS2d 686] —Orders, Supreme Court, New York County (Charles Ramos, J.), entered on or about January 30, March 25 and June 17, 2003, which, inter alia, denied plaintiff University's motions to amend its complaint, quash a subpoena served on its attorneys, strike certain deposition testimony, and compel disclosure, and directed it to produce less redacted documents, unanimously affirmed, without costs.

The University's motion to amend its complaint was properly denied as its allegations of attorney misconduct do not show conduct sufficiently egregious to warrant an award of punitive damages (*see Lavanant v General Acc. Ins. Co.*, 212 AD2d 450, 451 [1995]). The University's motions for various forms of protection against disclosure of privileged information were properly denied on the ground that, by reason of the at-issue doctrine, it had waived its attorney-client privilege as to the communications and work product in issue (*see Bank Brussels Lambert v Credit Lyonnais [Suisse] S.A.*, 1995 WL 598971, *4-5, 1995 US Dist LEXIS 14808, *12 [SD NY, Oct. 11, 1995, Nos. 93 Civ 6876, 94 Civ 1317]). Unlike the University's complaint, the complaint of the plaintiffs in Action No. 1 does not rely on confidential information, and as those plaintiffs have agreed to rely only on public information in support of their conflict of interest claim against defendant attorneys, the motion court properly denied the University's motion to compel

disclosure. We have considered and rejected the University's other arguments. Concur—Saxe, J.P., Rosenberger, Williams, Lerner and Friedman, JJ.