[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14386
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-21206-CV-SH


GREAT LAKES REINSURANCE (UK) PLC,

                                                                Plaintiff-Counter
                                                         Defendant-Appellant,

                                  versus


CLARA VASQUEZ,

                                                                Defendant-Counter
                                                            Claimant-Appellee.



_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 10, 2009)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Great Lakes Reinsurance (UK) PLC ("Great Lakes") appeals the grant of summary judgment in favor of the insured, Defendant-Appellee Clara Vasquez ("Insured") and the denial of Great Lakes' cross-motion for summary judgment. Reversible error has been shown; we reverse the judgment below.

The facts are undisputed. On 27 March 2006, Great Lakes issued a policy of marine insurance on Insured's vessel, the Tropic Delight, in a coverage amount of $290,000. Total premium paid amounted to $8505. Approximately two weeks later, Insured's son (listed as an additional operator on the insurance application) took the Tropic Delight from it's secure yard, placed it on a trailer and hitched it to his truck with the intention of transporting the boat to a launch site approximately 20 miles from where the boat was stored. En route to the launch site, Insured's son parked his truck -- with the Tropic Delight on the trailer hitched to his truck -- in a parking lot while he picked up some supplies at a Publix supermarket. The truck -- with the attached trailer and the Tropic Delight -- was stolen from the Publix parking lot. The truck towing the trailer was later recovered and showed signs of forced entry; neither the Tropic Delight nor the trailer was ever found. Insured

filed a claim for the loss under it's insurance policy with Great Lakes; Great Lakes

denied coverage.

At issue are the exclusions to coverage contained in the policy. The policy

provides:

> Exclusions to Coverage A
>
> Unless specifically agreed by us in writing and additional
> premium charged the following losses and or damages (whether
> incurred directly or indirectly) are not covered by this insuring
> agreement:
>
> a) Damage sustained by scheduled vessel whilst being transported
> over land (whether by trailer or other method of conveyance approved
> by us in writing), more than 100 miles from the normal place of
> storage, as disclosed within your application form.
> ...
>
> i) Theft of the scheduled vessel's equipment whilst afloat
> unless there is visible evidence of forcible entry onto the
> scheduled vessel and removal of the same, made by tools,
> explosives, electricity or chemicals.
>
> ...
>
> k) Theft of the scheduled vessel and or its equipment
> whilst on a trailer/boatlift/hoist/ dry storage rack unless
> the scheduled vessel is situate in a locked and fenced
> enclosure or marina and there is visible evidence of
> forcible entry and or removal made by tools, explosives,
> electricity or chemicals.
>
> ...
>
> m) Damage to the scheduled vessel or tender caused by

3

theft, and or attempted theft....

Great Lakes denied coverage of the theft of the Insured's vessel and filed a declaratory judgment action asking the court to rule that no coverage was provided for the theft.

The district court read the exclusions to coverage as independent of each other; the court read exclusion (a) to cover the vessel in transport and exclusion (k) to cover the vessel in storage. The district court saw ambiguity in exclusion (a)'s exclusion of the vessel "whilst being transported over land." Because exclusion (a) was ambiguous about its applicability to a vessel making a temporary stop for supplies between its place of storage and its ultimate destination, the district court resolved the ambiguity in favor of coverage.

The parties each cite to New York law. Under New York law whether a contract is ambiguous is a legal question for the court to determine. See Alexander & Alexander Services, Inc. v. These Certain Underwriters at Lloyd's, London, England, 136 F.3d 82, 86 (2d Cir. 1998) (applying New York law). We review the grant of summary judgment de novo. Id. If an ambiguity is found in an insurance policy, doubt about the existence of coverage should be resolved in favor of the insured and against the insurance carrier. See Lavanant v. General Acc. Ins. Co. of America, 595 N.E.2d 819, 822 (N.Y. 1992). But "[t]he language of a contract is

4

not made amiguous simply because the parties urge different interpretations. Nor does ambiguity exist where one party's view strains the contract language beyond its reasonable and ordinary meaning." Seiden Associates, Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992) (applying New York law) (internal quotation and citation omitted).

The district court discerned ambiguity in the phrase "whilst being transported over land" contained in exclusion (a). The district court found it arguable that the phrase included a temporary stop such as that made by the Insured's son. And then the district court reasoned that differences between exclusions (k) and (a) suggested that the "provisions governing transport and storage are distinct from one another, for the purposes not only of exclusion from coverage, but for coverage of the insured vessel itself."

This construction -- which divines coverage from an exclusion -- ignores the plain meaning of the terms employed. Exclusion (a) applies to exclude **damage** sustained by the subject vessel; by its plain and ordinary terms exclusion (a) has no application to **theft** of the vessel. The insurance policy does contain three exclusions pertaining to theft: exclusion (k) addresses theft of the vessel and its equipment "whilst on a trailer...;" exclusion (i) addresses theft of the vessel's equipment "whilst afloat;" and exclusion (m) addresses damage to the vessel

5

caused by theft.  That the vessel was stolen "whilst on a trailer" and that the vessel was not "situate in a locked and fenced enclosure or marina" are undisputed. Insurance coverage for the theft of the Tropic Delight was excluded by the plain and ordinary meaning of exclusion (k).

As the New York Court of Appeals has said:

> It is axiomatic that a contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed.  Obviously, before the rules governing the construction of ambiguous contracts are triggered, the court must first find ambiguity in the policy. ... This court may not make or vary the contract of insurance to accomplish its notions of abstract justice or moral obligation, since equitable considerations will not allow an extension of the coverage beyond its fair intent and meaning in order to do raw equity and to obviate objections which might have been foreseen and guarded against.

Breed v. Insurance Co. of North America, 385 N.E.2d 1280, 1282-83 (NY 1978) (internal quotations and citations omitted).

We accept that this insurance contract -- a non-standardized manuscript policy drafted in the United Kingdom -- is not drafted in a style typically employed by United States-based insurers.  But that the style is different -- or even awkward -- is not to say that the terms are ambiguous.  See Sirius Insurance Co. (UK) Ltd. v. Collins, 16 F.3d 34, 38 (2d Cir. 1994) (although policy issued by UK-based insurer was "poorly drafted and contain[ed] odd provisions of questionable value," no ambiguity found that would require construing contract

6

against insurer). Exclusion (k) excludes from coverage unambiguously a vessel "whilst on a trailer/boatlift/hoist/ dry storage rack unless the scheduled vessel is situate in a locked and fenced enclosure."[*] Because the Tropic Delight was on a trailer and was not situate in a locked and fenced enclosure at the time of the theft, the policy plainly excludes this loss from coverage. Summary judgment in favor of Great Lakes was due to be granted.

We REVERSE the grant of summary judgment in favor of Insured; we REVERSE the denial of summary judgment in favor of Great Lakes. The case is REMANDED for judgment to be entered in favor of Great Lakes.

---

[*]Insured also suggests that exclusion (k)'s reference to a vessel "whilst on a trailer/boatlift/hoist/ dry storage rack" can be read to address only vessels situated on types of dry storage racks, and, according to Insured, the Tropic Delight was not on a dry storage rack at the time of the theft. We think this tortured construction fails to give full meaning to each of the terms of exclusion (k).