The Incorporated Village of Old Westbury v. American Alternative Insurance Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          PETER W. HALL,
          CHRISTOPHER F. DRONEY,
                              Circuit Judges.
- - - - - - - - - - - - - - - - - -X
THE INCORPORATED VILLAGE OF OLD
WESTBURY,
          Plaintiff-Appellant,

          -v.-                                17-1275

AMERICAN ALTERNATIVE INSURANCE
CORP.,
          Defendant-Appellee.
- - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**                    Jon A. Ward, Andrew M. Roth, Sahn
                                      Ward Coschignano, PLLC,
                                      Uniondale, NY.


**FOR APPELLEE:**                     Timothy C. Hannigan, Terence S.
                                      Hannigan, Hannigan Law Firm
                                      PLLC, Delmar, NY.


Appeal from an order of the United States District Court for the Eastern District of New York (Azrack, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant the Incorporated Village of Old Westbury ("Village") appeals from a March 31, 2017 order of the district court dismissing, pursuant to Fed. R. Civ. P. 56, its coverage claim against American Alternative Insurance Corporation ("AAIC").   The issue is whether the policy's definition of "bodily injury" includes mental injury.   On appeal, the Village argues that the district court failed to apply Lavanant v. General Accident Insurance Co. of America, 79 N.Y.2d 623 (1992), which held under the contract there at issue, that bodily injuries include purely mental injuries.   The Village does not contest that it seeks indemnification under the AAIC policy in order to avoid absorbing the higher deductible in an Errors and Omissions policy issued to it by ACE North American ("ACE").   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the grant of summary judgment de novo, drawing all factual inferences in favor of the non-moving party.   Sousa v. Marquez, 702 F.3d 124, 127 (2d Cir. 2012).   Summary judgment is appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

2

We apply New York law in our construction of the term "bodily injury." See Travelers Ins. Co. v. 633 Third Assocs., 14 F.3d 114, 119 (2d Cir. 1994) ("Federal courts sitting in diversity cases will, of course, apply the substantive law of the forum State on outcome determinative issues."). "In determining a dispute over insurance coverage, we first look to the language of the policy" and "construe the policy in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect." Consol. Edison Co. of N.Y. v. Allstate Ins. Co., 98 N.Y.2d 208, 221–22 (2002) (internal citations and quotation marks omitted). "As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court." Vigilant Ins. Co. v. Bear Stearns Cos., 10 N.Y.3d 170, 177 (2008) (internal citation and quotation marks omitted). But when an insurance contract term is ambiguous, "a court may consider extrinsic evidence to ascertain the parties' intent at the formation of the contract." Olin Corp. v. OneBeacon Am. Ins. Co., 864 F.3d 130, 148 (2d Cir. 2017) (internal citation omitted); see also Mostow v. State Farm Ins. Cos., 88 N.Y.2d 321, 326 (1996) (contract terms are ambiguous if "the policy may be reasonably interpreted in two conflicting manners"). "If the extrinsic evidence fails to establish the parties' intent, courts may apply other rules of contract interpretation, including New York's insurance-specific version of the rule of contra proferentem, according to which ambiguity should be resolved in favor of the insured." Olin Corp., 864 F.3d at 148.

"Bodily injury" is defined in the AAIC General Liability Policy as:

> "Bodily injury" means bodily injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease.

Joint App'x at 357. The district court concluded that the second sentence would be superfluous if "bodily injury" included purely mental injuries that were not directly caused by an independent physical bodily injury. We agree.

3

The Village relies on the New York Court of Appeals construction of "bodily injury" in <u>Lavanant</u>, 79 N.Y.2d 623, which concluded that purely mental injuries were bodily injuries under the contract at issue.   However, the contract at issue in <u>Lavanant</u> did not limit coverage for mental injury to mental injury that results from bodily injury, as the contract at issue in this case does, and thus allow the inference that bodily and mental injury are distinct.

Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4