Miami Capital, LLC v Hurwitz (2019 NY Slip Op 05332)





Miami Capital, LLC v Hurwitz


2019 NY Slip Op 05332


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9793 150310/16

[*1]Miami Capital, LLC, Plaintiff-Appellant,
v
Seymour Hurwitz, Defendant-Respondent.


Richard A. Kraslow, P.C., Melville (Richard A. Kraslow of counsel), for appellant.
London Fisher LLP, New York (Thomas A. Leghorn of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 12, 2017, which, in this action alleging legal malpractice, granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Defendant's motion was properly granted because while plaintiff anticipates that it could be subject to a rescission claim at some point in the future, such alleged damages are purely speculative and not yet ripe. Since damages in a legal malpractice case are designed "to make the injured client whole" (Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 42 [1990]), having failed to plead actual damages, plaintiff's complaint fails to state a claim (see Heritage Partners, LLC v Stroock & Stroock & Lavan LLP, 133 AD3d 428 [1st Dept 2015], lv denied 27 NY3d 904 [2016]; Lavanant v General Acc. Ins. Co. of Am., 212 AD2d 450 [1st Dept 1995]).
Plaintiff has also failed to establish defendant's negligence by alleging that he did not exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession (see O'Callaghan v Brunelle, 84 AD3d 581 [1st Dept 2011], lv denied 18 NY3d 804 [2012]). The contract of sale placed the burden on the seller to obtain any necessary court approval for the sale of its property. As seller's counsel advised defendant that the seller did not need court approval because the property was not "substantially all" of its assets (see N-PCL 510), plaintiff has not adequately pled that defendant breached his duty of care as its lawyer by not obtaining court approval for the sale.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK