Prospect Capital Corp. v Morgan Lewis & Bockius LLP

2026 NY Slip Op 02220

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Prospect Capital Corporation, Plaintiff-Appellant-Respondent,

v

Morgan Lewis & Bockius LLP et al., Defendants-Respondents-Appellants.

Decided and Entered: April 14, 2026

Index No. 653941/22|Appeal No. 6353|Case No. 2025-05186|

Before: Moulton, J.P., Friedman, González, Shulman, Rosado, JJ.

Adam M. Burton, New York, for appellant-respondent.

Goulston & Storrs PC, New York (Nicholas Cutaia of counsel), for respondents-appellants.

[*1]

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about July 25, 2025, which, to the extent appealed from, denied in part plaintiff's motion for a protective order insofar as categories 15, 19, and 20 of its privilege log were found to have been placed at issue, and which, to the extent cross-appealed from as limited by the briefs, granted plaintiff's motion for a protective order as to categories 6, 9, 10, and 12 of its privilege log, unanimously affirmed, without costs.

In this legal malpractice case, Supreme Court providently denied plaintiff's motion for a protective order as to categories 15, 19, and 20 of its privilege log, limiting disclosure of category 19 solely to advice related to Prospect's choice to bring the turnover claim, because plaintiff had waived the attorney-client privilege and work product privilege by reason of the at-issue doctrine (see CPLR 3103[a]; Those Certain Underwriters at Lloyd's, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]; G.D. Searle & Co. v Pennie & Edmonds, 308 AD2d 404, 404 [1st Dept 2003]). As this Court previously stated, the issues in this case "involve whether defendants' alleged malpractice leading to the loss of a cause of action under the turnover provision of the subordination agreement caused Prospect damages" (Prospect Capital Corp. v Morgan Lewis & Bockius LLP, 239 AD3d 526, 527 [1st Dept 2025]). As to categories 15, 19, and 20, plaintiff has placed at issue the communications from in-house counsel regarding the turnover provision, its interpretation, and the decisions of whether or when to litigate against nonparty Silicon Valley Bank, because plaintiff has alleged that it relied on defendants' advice in formulating its negotiation and litigation strategy (see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 63-64 [1st Dept 2007]). The "communications sought . . . were made concurrently with the representation" by defendants and were "relevant to establishing . . . alleged reliance" on their advice (Bolton v Weil, Gotshal & Manges LLP, 4 Misc 3d 1029[A], 2004 NY Slip Op 51118[U], *6 [Sup Ct, New York County 2004]; see also Charbern Mgmt. Grp. LLC v Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., 2023 WL 3945599, *4, 2023 US Dist LEXIS 101340, * 9-10 [SD NY, June 12, 2023, No. 22-CV-8137 (VEC)]). The privilege based on work product may also be waived "by reason of the at-issue doctrine" (G.D. Searle & Co., 308 AD2d at 404; see also Goldberg v Hirschberg, 10 Misc 3d 292, 298 [Sup Ct, New York County 2004]; Bolton, 2004 NY Slip Op 51118[U], *4).

On the other hand, Supreme Court providently granted plaintiff's motion for a protective order as to categories 6, 9, 10, and 12 of its privilege log. The communications at issue, involving other contracts and amendments in the same transaction, are not relevant to whether plaintiff relied on defendants' advice regarding the turnover provision (see Prospect Capital Corp., 239 AD3d at 526-527).

[*2]

We have considered the remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026